The document below is hereby signed.

Signed: December 16, 2009.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| AYERS CAPITOL PROPERTIES, LLC, | ) ) | Case No. 09-00689 (Chapter 11) |
| | ) | Not for Publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

MEMRORANDUM DECISION AND ORDER OVERRULING OPPOSITION
TO MOTION TO APPROVE APPOINTMENT OF CHAPTER 11 TRUSTEE

This addresses the debtor's opposition to the Motion to
Approve Appointment of Chapter 11 Trustee which asserts that the
United States Trustee failed to consult, as contemplated by 11
U.S.C. § 1104(d), with parties in interest regarding the
selection of a trustee.  I have already granted the Motion to
Approve Appointment of Chapter 11 Trustee, and the following
explains why I concluded that the opposition stated insufficient
grounds to warrant not granting the motion.

The opposition acknowledges that on December 8, 2009, Martha
Davis, Acting Assistant United States Trustee, sent a letter to
the debtor and creditors requesting that they contact her by 5:00
p.m. on December 11, 2009, via telephone or fax, "[i]f . . . you
wish to recommend that a particular person be considered to serve

as trustee or **you have any other recommendations regarding the appointment of a trustee** . . . ." [Emphasis added.]  The debtor's counsel was not mailed the letter, but he learned of the letter on December 9, 2009.  He submitted the names of two suggested candidates to Ms. Davis prior to the deadline on December 11, 2009.  He complains that he was not made aware of who the other candidates were, and what their backgrounds and experiences were, so that the debtor could have input in the final selection process.  He had sufficient time to contact Ms. Davis prior to 5:00 p.m. on December 11, 2009, with the names of two suggested candidates; similarly, he had sufficient time prior to that deadline to make "other recommendations regarding the appointment of a trustee" as had been invited by Ms. Davis's letter.

In other words, after being made aware of the opportunity to do so, he had adequate time to call Ms. Davis to discuss with her who the candidates were (in addition to the two he had recommended) and to express his views regarding those candidates. The United States Trustee was not required to give a separate notice of the candidates after receiving names of suggested candidates.  If the debtor's attorney wanted to discuss the pros and cons of candidates with Ms. Davis, he should have contacted her.  It is thus

ORDERED that the opposition to the Motion to Approve

Appointment of Chapter 11 Trustee is OVERRULED.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States
Trustee; Catherine Park, Esq.