The order below is hereby signed.

Signed: July 17 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
AYERS CAPITOL PROPERTIES,      )   Case No. 09-00689
LLC,                           )   (Chapter 7)
                               )   Not for publication in
               Debtor.         )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND
INTERIM ORDER RE APPLICATION FOR APPROVAL OF COMPENSATION
FOR DEBTOR'S COUNSEL FOR AUGUST 7, 2009 THROUGH APRIL 14, 2012

Pursuant to an oral decision of July 10, 2012, the court ruled that various work performed by the debtor's counsel, Bruce E. Gardner, was not compensable from the estate. The court supplements that decision as follows.

I

Gardner billed at $225 per hour (and $275 per hour for litigation tasks), and the court has treated those as market rates for someone of the skill and experience of Gardner in bankruptcy matters. As to Gardner's assertion that he should be compensated for secretarial tasks, the overhead included in a market billing rate of $225 per hour (and $275 per hour for litigation tasks) is comprised of such things as office rent and

secretarial time.  If Gardner is to be allowed to bill at those rates, any secretarial work ought to be treated as overhead that is not compensable.  When he elected to perform secretarial tasks himself, he ought not be compensated for performing those secretarial tasks.

Time performing secretarial tasks, lumped with attorney tasks, was included in the time entries of:

- $1,265.00 (4.6 hours) for December 1, 2009 (included "labeled and copied exhibits") billed at $275.00 per hour;

- $275 (1 hour) for December 5, 2009 (included "labeled copied Exhibits") billed at $275.00 per hour; and

- $922.50 (4.1 hours) for December 6, 2009 (included "marked, scanned exhibits, . . . copies, envelop[e]s, mailing Certificate of Service") billed at $225.00 per hour.

If I did not expressly include disallowance of time spent on performing those secretarial tasks, it was an oversight. Accordingly, 0.5 hours of time for each entry is disallowed, resulting in a disallowance of $137.50; $137.50; and $112.50, respectively.

There are also two time entries on December 16, 2009, relating to the work on the debtor's sale motion that was not reasonably likely to benefit the estate, that I overlooked in my

2

oral decision, and that ought to be disallowed.

II

There was no objection to the expenses that Gardner incurred, but two categories appear to be not allowable.

First, on January 24, 2010, $42 and $28 is charged for copies, envelopes, and stamps relating to a motion to withdraw as counsel.  That $70 in expenses was incurred after the approval of the appointment of the chapter 11 trustee, and Gardner was not employed as the trustee's attorney.  Under *Lamie v. United States Trustee*, 540 U.S. 526 (2004), an attorney for a debtor is not entitled to reimbursement of expenses by the estate for expenses incurred in performing services that were not performed as attorney for the trustee (or for a debtor in possession exercising the powers of a trustee).

Second, Gardner's December 10, 2009, time entry relating to the completion and filing of the debtor's disclosure statement includes $751 in expense charges that appear to have been unnecessary:

- a $561 charge for "59 pages x 19 [copies] = 1121 x $.50 [per page];" and
- a $190 charge for "stamps and envelop[e]s."

The debtor's disclosure statement had not been approved for

dissemination to creditors[1] (and never was approved).[2]  Attorneys who had appeared in the case were served the plan and disclosure statement electronically as e-filers when Gardner filed those documents.[3]  Gardner did not file a certificate of mail service of the disclosure statement or plan.  Without justification by Gardner for his incurring the expense on December 10, 2009, of making 19 copies and mailing them,[4] I will not allow any of these $751 in expense charges.  Gardner was required to mail out the order setting a hearing to consider approval of the disclosure statement, but that order was entered on December 23, 2009, well after the court had approved the United States Trustee's

---

[1]  It is bad practice to send a disclosure statement to all creditors before it is approved as it can cause creditors to think that they need to take some action regarding the proposed plan (even though the court has not authorized the debtor to solicit votes via the disclosure statement).

[2]  In addition, the disclosure statement was plainly deficient, lacking pertinent information that should have been included, and that would have resulted in changes if it were to be approved, once again demonstrating that making copies was a waste.

[3]  On December 11, 2009, Gardner filed a certificate of service reciting that "copies of the foregoing Plan of Reorganization Proposed by Ayers Capitol Properties, LLC, the Disclosure Statement and Proposed Order & Notice of Hearing on Disclosure Statement was sent electronically on December 10 & 11th" to various entities, including attorneys who had appeared in the case.

[4]  The disclosure statement and its exhibits (which included a copy of the plan) came to 67 pages, not 59 pages, but Gardner may simply have made a conservative estimate of the number of pages.

4

appointment of the chapter 11 trustee.[5]

### III

Gardner spent 3.3 hours on December 16, 2009, preparing an opposition to the United States Trustee's motion to approve the appointment of Janet Nesse as the chapter 11 trustee. On further reflection after the hearing on the fee application, that time should be disallowed. Under 11 U.S.C. § 1104(d), a debtor who is not a debtor in possession is entitled to consult with the United States Trustee regarding the appointment of a replacement chapter 11 trustee when an existing trustee resigns, but under *Lamie v. United States Trustee*, that debtor's attorney would not be entitled to compensation for opposing the United States Trustee's motion for approval of the appointment of a replacement trustee. When the debtor is still a debtor in possession, is the debtor's attorney entitled to compensation when he opposes a motion of the United States Trustee to approve the appointment of the trustee who is to displace the debtor as a debtor in possession? I will assume, without deciding, that when the standards of 11 U.S.C. § 330(a) for compensation of such counsel are met, the debtor in

---

[5] Gardner's certificate of service (Dkt. No. 129) relating to that order shows that he mailed the order to only **14** entities (including the chapter 11 trustee). That raises an issue of why he made **19** copies of the plan and disclosure statement on December 10, 2009.

5

possession's counsel may be entitled to receive compensation for such services.  Martha Davis of the United States Trustee's office sent a letter to the debtor and creditors requesting that they contact her by 5:00 p.m. on December 11, 2009, via telephone or fax, "[i]f . . . you wish to recommend that a particular person be considered to serve as trustee or **you have any other recommendations regarding the appointment of a trustee** . . . ." [Emphasis added.]  Gardner, who was aware of the letter, exercised the debtor's right to be consulted regarding the appointment of a trustee by submitting two names to the United States Trustee by the deadline of 5:00 p.m. on December 9, 2009, but beyond that did not attempt to contact the United States Trustee by the deadline to discuss the pros and cons regarding who the United States Trustee should appoint.  On that basis I overruled the opposition.  Within the meaning of 11 U.S.C. § 330(a)(4)(A)(ii), the opposition was neither "reasonably likely to benefit the debtor's estate" nor "necessary to the administration of the case," and thus Gardner is not entitled to compensation for preparing the opposition.

IV

Part of the compensation recoverable by an attorney for representing a trustee or debtor in possession includes time spent preparing the fee application.  Gardner spent 2.5 hours on December 29, 2009, and 6.9 hours in April 2012 preparing the fee

6

application, a total of 9.4 hours.  The chapter 7 trustee objected in her written objection to that 9.4 hours as unreasonable.  At the hearing, the court only addressed the time spent on preparation of the application in April 2012, erroneously overlooking the December 29, 2009 time entry.  The court disallowed $832.50 for April 11, 2012 (time spent applying for work performed almost entirely after the chapter 11 trustee was appointed), and disallowed $50 of the $450 entry for 2 hours on April 14, 2012.  That $50 disallowance will be increased by an additional $47.90 to $97.90 for reasons set forth in the footnote below.[6]  At the hearing, the chapter 7 trustee stated that she did not oppose allowing the remaining April 2012 time entry of $270, bringing the total for fee application preparation to be allowed to $670 (or, with the additional $47.90 disallowance above, to $622.10 or less than 2.77 hours of time).  The chapter 7 trustee and Gardner failed at the hearing to point to the additional 2.5 hours of time spent on December 29, 2011, that had brought the total sought for preparation of the fee application to 9.4 hours.  If the 2.5 hours of time spent in December 2009 on preparation of the application ($562.50) is allowed, and is added

---

[6] The time entry related to categorizing time entries. Approximately 2.85 pages of the roughly 13.1 pages of time entries were devoted to tasks performed after the chapter 11 trustee was appointed.  Accordingly, .43511 hours of time was devoted to categorizing time spent after the appointment of the chapter 11 trustee, and that time, coming to $97.90, ought not be compensated.

7

to the less than 2.77 hours allowed for April 2012 preparation of the fee application, the total hours are less than 5.27 hours, and the amount that would be allowed is $1,184.60.  I do not find 5.27 hours of total time on fee application preparation to be unreasonable and will allow the $562.50 for December 29, 2011, and allow a total of $1,184.60 for fee application preparation.

V

Attached hereto is a two-page spreadsheet calculating what is to be disallowed to Gardner if the additional allowances and disallowances set forth above are included with the specific adjustments announced in the oral decision.  Of course, there could be errors in not including amounts disallowed in the oral decision or miscalculating the amount of a particular entry to be disallowed, and the parties can point those out to the court if there are any.

VI

At the hearing on the fee application, I did not notice that two time entries are for unidentified hearings (and that this court's docket reflects no hearings in this court on the indicated dates).  Gardner should supply details as to where the hearings occurred and what they concerned.  Depending on what information he provides in that regard, the time entries may or may not be allowable.

8

VII

In light of the foregoing, it is

ORDERED that within 14 days after entry of this order, Bruce E. Gardner shall file:

    (1) any justification (beyond his contention that *Lamie v. United States Trustee* ought not apply to his services rendered after the court's approval of the appointment of Nesse as chapter 11 trustee) he has for allowance of the expenses addressed in part II of this decision; and

    (2) an identification of the tribunal and the nature of the hearings of December 10, 2009 (3.1 hours) and of December 14, 2009 (2.5 hours).

It is further

ORDERED that within 14 days after entry of this order, any party may file an objection to the court's calculation of the amounts to be disallowed.  It is further

ORDERED that responses to any filing made pursuant to the foregoing 14-day deadlines may be filed within 14 days after the filing is made.

                                                   [Signed and dated above.]

Copies to: Recipients of e-notice of filings.

| Date | Hrs. in Entry; Description of Work Disallowed | Sought | Disallowed | Allowed |
|---|---|---|---|---|
| 08/11/2009 | 0.5 hrs. - includes "faxed & mailed letter" | $ 112.50 | $ 56.25 | $ 56.25 |
| 08/12/2009 | 0.5 hrs - preparing engagement letter | $ 112.50 | $ 112.50 | $ - |
| 08/19/2009 | 1.5 hrs. - incldg. LLC authzn. to file brcy. | $ 337.50 | $ 225.00 | $ 112.50 |
| 09/07/2009 | 0.5 hrs. of secretarial work in time entry | $ 1,265.00 | $ 137.50 | $ 1,127.50 |
| 09/12/2009 | 1 hr. - Late applicn. for employment | $ 225.00 | $ 225.00 | $ - |
| 09/13/2009 | 0.5 hrs. of secretarial tasks | $ 112.50 | $ 112.50 | $ - |
| 09/18/2009 | 1.5 hours - example of basics educn. on job | $ 412.50 | $ 412.50 | $ - |
| 09/20/2009 | 1.8 hours - ditto (correcting a deficiency) | $ 405.00 | $ 202.50 | $ 202.50 |
| 09/24/2009 | 0.7 hours - Includes secretarial tasks | $ 157.50 | $ 78.75 | $ 78.75 |
| 10/06/2009 | 4.7 hrs. - Motion to Modify Loan | $ 1,292.50 | $ 1,292.50 | $ - |
| 10/07/2009 | 2 hrs. - includes Motion to Modify Loan | $ 450.00 | $ 225.00 | $ 225.00 |
| 10/15/2009 | 0.3 hrs. - Educating self as to basics | $ 110.00 | $ 110.00 | $ - |
| 10/17/2009 | 0.4 hrs. - Educating self as to basics | $ 137.50 | $ 137.50 | $ - |
| 10/26/2009 | 0.7 hrs. - includes secretarial tasks | $ 192.50 | $ 96.25 | $ 96.25 |
| 11/23/2009 | 2.9 hrs. - includes secretarial tasks | $ 797.50 | $ 137.50 | $ 660.00 |
| 12/01/2009 | 4.6 hrs. - includes secretarial tasks | $ 1,265.00 | $ 137.50 | $ 1,127.50 |
| 12/05/2009 | 1 hr. - includes secretarial tasks | $ 275.00 | $ 137.50 | $ 137.50 |
| 12/06/2009 | 4.1 hrs. - includes secretarial tasks | $ 922.50 | $ 137.50 | $ 785.00 |
| 12/06/2009 | 4.8 hrs. - includes secretarial tasks | $ 1,320.00 | $ 137.50 | $ 1,182.50 |
| 12/09/2009 | 8.1 hrs. - includes motion to approve sale | $ 1,822.50 | $ 911.25 | $ 911.25 |
| 12/10/2009 | 2.5 hrs. - includes secretarial tasks | $ 562.50 | $ 225.00 | $ 337.50 |
| 12/12/2009 | 3.6 hrs. - mtn. to shorten time re sale | $ 810.00 | $ 810.00 | $ - |
| 12/12/2009 | 4.1 hrs. - more work on sale motion | $ 922.50 | $ 922.50 | $ - |
| 12/12/2009 | 2.4 hrs. - more work on sale motion | $ 540.00 | $ 540.00 | $ - |
| 12/16/2009 | 0.3 hrs. - more work on sale motion | $ 67.50 | $ 67.50 | $ - |
| 12/16/2009 | 0.1 hrs. - more work on sale motion | $ 22.50 | $ 22.50 | $ - |
| 12/16/2009 | 3.3 hrs. - opposition to approval of trustee | $ 742.50 | $ 742.50 | $ - |
| TOTAL | | $ 15,392.50 | $ 8,352.50 | $ 7,040.00 |

| Application Preparation | | Sought | Disallowed | Allowed |
|---|---|---|---|---|
| 12/29/2009 | | $ 562.50 | | $ 562.50 |
| 04/11/2012 | | $ 832.50 | $ 832.50 | $ - |
| 04/14/2012 | | $ 450.00 | $ 97.90 | $ 352.10 |
| 04/14/2012 | | $ 270.00 | | $ 270.00 |
| TOTALS | | $ 2,115.00 | $ 930.40 | $ 1,184.60 |

| Cost Entries Disallowed (Other Cost Entries Are Allowed) | | Sought | Disallowed | Allowed |
|---|---|---|---|---|
| 12/10/2009 | | $ 561.00 | $ 561.00 | $ - |
| 12/10/2009 | | $ 190.00 | $ 190.00 | $ - |
| 01/24/2010 | | $ 42.00 | $ 42.00 | $ - |
| 01/24/2010 | | $ 28.00 | $ 28.00 | $ - |
| TOTALS | | $ 821.00 | $ 821.00 | $ - |

**CALCULATION OF TOTAL OWED**

| Total Fees Sought for Work Before Trustee Appointed | $ 57,162.50 |
|---|---|
| Less Fees Disallowed | $ (8,352.50) |
| Fee Application Preparation Fees Allowed | $ 1,184.60 |
| **FEES ALLOWED** | **$ 49,994.60** |

| Costs Sought | $ 1,167.00 |
|---|---|
| Less Costs Disallowed | $ (821.00) |
| **COSTS ALLOWED** | **$ 346.00** |

| Fees Allowed | $ 49,994.60 |
|---|---|
| Costs Allowed | $ 346.00 |
| **TOTAL FEES AND COSTS ALLOWED** | **$ 50,340.60** |

| Total Fees and Costs Allowed | $ 50,340.60 |
|---|---|
| Less $2,500 Already Received | $ (2,500.00) |
| **TOTAL AMOUNT REMAINING OWED AS ADMIN. CLAIM** | **$ 47,840.60** |