**The document below is hereby signed.**

**Dated: September 3, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
AYERS CAPITOL PROPERTIES,      )   Case No. 09-00689
LLC,                           )   (Chapter 7)
                               )   Not for Publication in
                  Debtor.      )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE APPLICATION FOR APPROVAL OF COMPENSATION

On July 10, 2012, the court issued an oral decision finding that various work performed by the debtor's counsel, Bruce E. Gardner, was not compensable from the estate. On July 17, 2012, the court issued a memorandum decision and interim order supplementing that oral decision and disallowing additional fees. Gardner has filed a response in which he raises several objections to the disallowance of his fees. He also seeks leave to amend the fee application to pursue additional fees. For reasons explained in more detail below, the court will overrule Gardner's objections, and will deny his request to pursue additional fees.

I

Gardner's first objection is that the court's interim order

misstates the amount of pre-appointment fees sought by Gardner's application.[1] Specifically, the court's memorandum decision and interim order indicates that $57,162.50 of Gardner's requested fees relate to pre-appointment services.[2] Gardner objects because the $57,162.50 figure fails to take into account the last four time entries listed for December 16, 2009, the date on which the court appointed Janet Nesse as Chapter 11 trustee.[3] Those last four entries, however, relate to work performed by Gardner *after* Nesse was appointed as the Chapter 11 trustee (albeit on the same date), and includes, *inter alia*, time spent engaged in conversations with Nesse in her capacity as Chapter 11 trustee and time spent reviewing the court's decision approving Nesse's appointment. This work was performed after Janet Nesse stepped into her role as Chapter 11 trustee, and is not compensable from

---

[1] At the July 10, 2012 hearing, the court ruled that, with the exception of certain amounts sought for time spent preparing the fee application, all fees for services performed after the appointment of Janet Nesse as Chapter 11 trustee would be disallowed, making it necessary to distinguish between pre-appointment and post-appointment services.

[2] The last time entry that relates to pre-appointment work was a December 16, 2009 entry for 0.1 hours of work bearing the description: "Talked with Atty Faller re: cancellation of Sale Approval Hearing. - S." The cumulative fee as of that time entry was $57,162.50.

[3] If those last four entries were included, the cumulative pre-appointment fee being sought would be $57,830.00.

the debtor's estate.[4]  Accordingly, Gardner's objection is overruled, and the court finds that only $57,162.50 of the fees sought by Gardner relate to pre-appointment services, with the balance of the fees to be disallowed as relating to post-appointment services.[5]

Gardner's second objection is that the court improperly disallowed the $112.50 in fees sought for preparing the engagement letter.  A client should not be billed for time spent preparing an engagement letter, which is, in effect, a contract meant to protect the attorney by defining the scope of the

---

[4] Specifically, the excluded December 16, 2009 entries are as follows:

- 0.9 Hours:  "Talked with Chapter 11 Trustee re: Approval of Sale Hearing, Continental's Opposition to Sale, Continuing date for hearing; meeting to view property; conference call with Debtor, read Chapter 11 Trustee's emails."

- 0.6 Hours: "Talked with client re: conference call with Chapter 11 Trustee, viewing property, discussed Continental's Opposition to Approve Sale."

- 0.1 Hours: "Read Court's Memorandum & Order Overruling Opposition to Appointment of Chapter 11 Trustee."

- 1.1 Hours: "Discussed Appeal of Court's decision with client; Reviewed rules and procedure re: appeal. >Prepared notice of appeal."

[5] Subject to the limited exception that the court will allow $1,184.60 in post-appointment fees sought for time spent preparing the fee application.

3

representation.  Accordingly, Gardner's objection is overruled.[6]

Gardner's third objection is that the court should not have disallowed the $742.50 in fees sought for 3.3 hours of work performed preparing an opposition to the United States Trustee's motion to approve the appointment of Janet Nesse as Chapter 11 trustee.  In its memorandum decision and interim order, the court held that Gardner was not entitled to recover fees for this work because, "[w]ithin the meaning of § 330(A)(4)(A)(ii), the opposition was neither 'reasonably likely to benefit the debtor's estate' nor 'necessary to the administration of the case' . . . ."[7]  Gardner now contends that after he faxed to Ms. Davis the name of a prospective Chapter 11 trustee, he placed a telephone call to Ms. Davis at 4:45 p.m. on December 9, 2009, "to discuss the submission."  Because Ms. Davis was not available to speak, however, Gardner "left a voice mail message and requested

---

[6] In his response, Gardner argues that the court should not disallow these fees merely because Gardner prepared the letter after commencing representation. He emphasizes that preparing an engagement letter after commencing representation does not run afoul of the D.C. Rules of Professional Conduct.  As already explained, the court is disallowing these fees not because the letter was prepared after the commencement of representation, but rather, because it is inappropriate to bill the estate for this type of work, regardless of when that work is performed.

[7] In support of this conclusion, the court found that "Gardner . . . exercised the debtor's right to be consulted regarding the appointment of a trustee by submitting two names to the United States Trustee by the deadline of 5:00 p.m. on December 9, 2009, but beyond that did not attempt to contact the United States Trustee by the deadline to discuss the pros and cons regarding who the United States Trustee should appoint."

4

a return call.  Debtors' counsel did not receive a return call from Attorney Davis on December 9, 2009 to discuss the pros and cons of who the United States Trustee should appoint but an attempt was made to discuss those matters."  In light of this unsuccessful attempt to speak with Ms. Davis prior to the selection of Janet Nesse as the Chapter 11 trustee, Gardner argues that the court should now find that attorney time spent opposing the U.S. Trustee's motion to approve Janet Nesse as Chapter 11 trustee satisfies the requirements of § 330(a) and the fees sought ought to be allowed.  The court disagrees.

The court's memorandum decision and order overruling the debtor's opposition to the trustee's motion to approve Janet Nesse found that if Gardner "wanted to discuss the pros and cons of candidates with Ms. Davis, he should have contacted her." The debtor's opposition to the U.S. Trustee's motion to approve did not contend that Gardner made a call at 4:45 p.m. on December 9, 2009, to Ms. Davis to discuss his submission, nor did it contend that Ms. Davis's failure to return such a call led to an unfair exclusion of the debtor from the Chapter 11 trustee selection process.  One unreturned phone call placed by Gardner to Ms. Davis to discuss Gardner's submission, with no apparent follow-up effort on Gardner's part and which was not even mentioned in Gardner's opposition to the motion to approve, does not persuade the court that time spent opposing the appointment

was reasonably likely to benefit the debtor's estate or was necessary to the administration of the case.  Accordingly, Gardner's objection is overruled and the fees in question are disallowed.

Finally, Gardner objects to the disallowance of the $751.00 expense for making and mailing 19 copies of the disclosure statement before the disclosure statement was approved.  Although Gardner has clarified some of the minor discrepancies identified by the court relating to the number of pages copied and the number of copies mailed out, the court stands by its original determination that an attorney ought not subject the estate to the expense of mailing the disclosure statement to all creditors prior to its approval.  Accordingly, Gardner's objection is overruled and this expense is disallowed.

II

The court asked Gardner to supply details for two time entries relating to hearings Gardner supposedly attended on December 10, 2009, and December 14, 2009.  Gardner's response is that the hearings in question were held in this court to address Lymar Curry's Motion to Dismiss or Have a Trustee Appointed.  Gardner is incorrect.  The final hearing to address Curry's motion was held on December 7, 2009, and an oral decision and written order of that same date fully disposed of Curry's motion.  Indeed, the court's electronic docket confirms that the hearing

on the Motion to Dismiss or Appoint Trustee was originally convened on December 2, 2009,[8] was continued to December 3, 2009,[9] and was continued again to December 7, 2009,[10] on which date the court issued its oral decision and its written order disposing of Curry's Motion to Dismiss or Have a Trustee Appointed (Dkt. No. 88).[11] Consistent with the court's electronic docket, Gardner's *own time records* reflect that on December 7, 2009, he billed the estate for time spent reading the court's order granting Curry's motion to appoint a trustee and denying the motion to dismiss.[12]

---

[8] Gardner's fee application lists 8.5 hours of attorney time on December 2, 2009, for "Hearing on Motion to Dismiss & Motion for Affidavit & Telephonic Conference."

[9] Gardner's fee application lists 2.2 hours of attorney time on December 3, 2009, for "Hearing on Motion to Dismiss."

[10] Gardner's fee application lists 8.6 hours of attorney time on December 7, 2009, for "Represented Debtor at hearing re: Motion to Dismiss or appoint Chapter 11 Trustee. . . . Discussed case with debtor after hearing."

[11] That Gardner was faxing names of possible Chapter 11 trustees to Ms. Davis on December 9, 2009, a fact Gardner recites in his response to the court's memorandum decision and interim order regarding the fee application, further supports the court's conclusion that any December 10 or December 14 hearings did not relate to Curry's motion, which was fully disposed of prior to those dates.

[12] Interestingly, the transcript for the December 7, 2009 hearing was filed and docketed on December 14, 2009. If Gardner prepared his time records after the fact rather than maintaining contemporaneous time records, as required, the December 14th docketing of the transcript might at least partially explain Gardner's apparent confusion regarding the hearing dates.

7

The record in this case directly contradicts Gardner's explanation for the two questionable time entries. It remains unclear what, if any, hearings Gardner actually attended on behalf of the debtor on December 10 and 14, 2009. Accordingly, the court will disallow the fees sought for that work.

III

Gardner seeks to amend his initial application to increase his requested fee by $2,072.50 based upon 9.1 hours of miscellaneous work not included in his original application. This request is untimely and would require the court to start the fee application review process anew. Accordingly, Gardner's request to amend his initial application to pursue additional fees shall be denied. Additionally, Gardner seeks to recover $6,105.00 for the 22.2 hours spent on the defense of his fee application. Gardner was not successful in his defense of most of the disputed fees. Accordingly, the court will disallow any fees sought for that work.

IV

An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.